IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD K. FRAME**<br>**Plaintiff** | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No: |
| **Vibra Specialty Hospital of Dallas,**<br>**LLC, MPT of Dallas LTACH, L.P.**<br>**and MPT of Dallas LTACH GP LLC**<br>**Defendants** | §<br>§<br>§<br>§<br>§ | Complaint for Accommodation<br>Discrimination Under the A.D.A. |

**3-09CV1516-M**



## *ORIGINAL COMPLAINT*
### INTRODUCTION

1. Plaintiff is an individual with a disability. Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Tex. Hum. Res. Code § 121.001 *et seq.* This Complaint seeks redress for past and continuing discrimination against persons with disabilities. This discrimination is occurring at the Vibra Hospital located in Dallas, Texas, which is owned and or operated by the Defendants.

2. Plaintiff seeks to enjoin the Defendants from maintaining and to require that the Defendants remove the architectural barriers that interfere with Plaintiff's right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendants at this property.

3. Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

## JURISDICTION

4.  This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188 and supplemental jurisdiction over the state claims. under 28 U.S.C. §1367.

## PARTIES

5.  Plaintiff Richard K. Frame ("Mr. Frame") is an individual with a disability within the meaning of the ADA Sec. 3(2)(A), 42 U.S.C. 12102(2)(A) ), and a "Person with a disability" as defined by Tex. Hum. Res. Code § 121.002(4). He is unable to walk as the result of a spinal cord injury and must use a wheelchair for mobility.

6.  The property is a Vibra Hospital (the "Hospital"). It is a stand alone building located generally at 1950 Record Crossing in Dallas, Texas and more particularly described in Dallas County records as Arlington Park Estates First Sec Blk 5/7915 Lt 8A ACS 1.406 (the "Property" or the "Hospital"). The Property has a total value listed in the Dallas County Appraisal District of no less than $10,000,000.00.

7.  Defendant, Vibra Specialty Hospital of Dallas, LLC (hereinafter "Vibra" or "Tenant") is a Delaware limited liability corporation. Vibra operates the Hospital and presumably leases from the Property owner. Vibra's registered agent for service of process listed with the Secretary of State is, Corporations Service Company located at 701 Brazos, Ste. 1050, Austin, TX 78701.

8.  Defendant MPT of Dallas LTACH, L.P. is a Delaware limited partnership. Defendant MPT of Dallas LTACH GP LLC is a Delaware limited liability corporation and is the general partner for MPT of Dallas LTACH, L.P. (together they are referred to herein as "MPT" or "Landlord"). The agent for service of process for both of these entities is National Registered Agents, Inc. located at 16055 Space Center, Ste. 235,

Houston, TX 77062. MPT owns and/or operates the Property where the Hospital is located and presumably "leases to" Vibra.

9. Under the law, both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are liable for the violations of the ADA alleged herein. As between those parties, allocation of responsibility for complying may be determined by lease or other contract. **36 C.F.R. 201 (b)**.

## BACKGROUND

10. More than 18 years ago Congress determined that disabled people, such as the Plaintiff, were being discriminated against. Specifically Congress found, in part, the following:

> (a) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;
> (b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;
> (c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, <u>health services</u>, voting, and access to public services;
> (d) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability <u>have often had no legal recourse to redress such discrimination</u>;
> (e) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, <u>the discriminatory effects of architectural</u>, transportation, and communication <u>barriers</u>, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 U.S.C. 12101(a) (emphasis added).

11. As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq*. That act forms a basis for this action. The ADA was designed to do several things, specifically:

> (a) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
> (b) <u>to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities</u>;
> (c) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and
> (d) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. 12101(b) (emphasis added).

These laws have been in effect for more than a decade. Any entity engaged in owning or operating a public accommodation should be well aware of the requirements. Congress provided that individual disabled citizens could seek enforcement of this law. The effect of having millions of disabled individuals enforcing the requirements greatly increases the likelihood of compliance by the public accommodations. <u>Mr. Frame is now exercising his right, granted by Congress, to require that the Hospital be brought into compliance with the law.</u>

## FACTS

12. Mr. Frame has been to the Hospital on more than one occasion in the past year as a result of needing to see a doctor in the Hospital. Mr. Frame uses an electric wheelchair that he operates with his tongue for mobility. Each time he goes to the Property he encounters numerous access problems. There are 5 marked "accessible parking spaces at the Hospital. Only one of them complies with the ADAAG[1] for new construction. One

---

[1] 28 CFR Part 36, Appendix A, (the "ADAAG")

*PLAINTIFF'S ORIGINAL COMPLAINT*                                                                 Page 4 of 11

of the accessible parking spaces is located too far from the entrance on the east side of the building. The accessible parking is supposed to be located nearest to the entrance. This improperly located parking space is also not on an accessible route. The sidewalk from the space to the front door includes a stretch of sidewalk that is less than 31 inches wide. That stretch is more than 15 feet long and is the only sidewalk leading from this parking space to the front door. On part of this stretch of narrow sidewalk there is a pipe that extends into the clear path and narrows the route to less than 25 inches. Two of the other "accessible" parking spaces are right next to each other, but neither has an access aisle and one does not have a curb cut. The other "accessible" parking space also does not have an access aisle, but even more outrageously it is marked as the "employee of the month" parking space.

13. The Hospital parking does not comply with the ADAAG for new construction. In light of the fact that this is a hospital, the failure to comply with these rules is even more egregious. The Hospital was built brand new from the ground up less than 6 years ago, including the "accessible parking and paths of travel." This is not intended as a complete listing of all the issues that may exist at the Hospital. After a chance to review the Property during discovery Plaintiff will amend or notify the Defendant of those specific problems.

14. Upon each visit Mr. Frame will encounter some of the above listed architectural barriers at the Property. Despite those barriers he will continue to try to use the Property.

15. The barriers located on the Property discriminate against him with regards to using the goods, services, facilities, privileges, advantages, and accommodations located on the Property.

16. As a result of the Defendants' conduct and in order to pursue this matter Plaintiff has retained an attorney with 20 years of experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas. Mr. Frame's counsel is very familiar with this type of litigation. The Plaintiff has agreed to pay this attorney, whose name appears on this Compliant, a reasonable fee. Pursuant to his statutory rights, Mr. Frame will seek to recover his fees and any costs in this litigation from the Defendants if he is the prevailing party in this case.

## CAUSES OF ACTION
### Count 1

### ADA - Failure to Accommodate, New Construction

17. The law requires that "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation*". 42 U.S.C. §12182(a) (italics added).

18. A facility means all *or any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 CFR part 36.104 Definitions (italics added).

19. The Hospital is a facility and/or public accommodation under the law.

20. Discrimination includes "a failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities". 28 CFR part 36.401 New Construction.

21. [A] facility is designed and constructed for first occupancy after January 26, 1993, only –

(i) If the last application for a building permit or permit extension for the facility is certified to be complete, by a State, County, or local government after January 26, 1992 (or, in those jurisdictions where the government does not certify completion of applications, if the last application for a building permit or permit extension for the facility is received by the State, County, or local government after January 26, 1992); and

(ii) If the first certificate of occupancy for the facility is issued after January 26, 1993. 28 CFR part 36.401

22. The last building permit was filed and the first certificate of occupancy for the Hospital were issued after January 26, 1993. Therefore, *under the statutory definition*, the Hospital is "new construction" under the ADA.

23. The guidelines for new construction are clearly set out in the Federal ADA Guidelines for Buildings and Facilities, 28 CFR Part 36, Appendix A, (the "ADAAG").

24. Defendants fail to comply with the ADAAG requirements at the Property because of the numerous architectural barriers that exist there. Many of those barriers are previously set out in the "Facts" section of this Complaint.

25. The Defendants discriminate against Mr. Frame because it has failed to design and construct facilities (the Hospital) for first occupancy later than 30 months after the date of enactment of the ADA that are readily accessible to and usable by individuals with disabilities. 42 USC 12183(a)(1).

26. As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Hospital, the Defendants deprived Plaintiff of his

civil liberties and have thereby discriminated against him.

## Count 2
## ADA - Improper Alterations

27. In the alternative, some of the modifications and alterations that exist at the Property were installed after the ADA guidelines went into effect. As such the law requires that they have been built in compliance with the ADAAG standards. They were not.

> (a) General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
>
> (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
>
> (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
>
> 28 C.F.R. 36.402

28. Clearly, features designed to allow access into a Hospital "affects or could affect the usability of the building or facility or any part thereof." Parking spaces and accessible routes affect the usability of the Property. To the extent that the parking and access routes have been modified since the Hospital was constructed, those areas must comply as modifications. Those modifications do not comply with the law.

29. The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Property in that, the Defendants do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at

the Property as required by law because it has failed to ensure that the alterations made after January 26, 1992 are accessible to the maximum extent feasible.

30.     As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Hospital, the Defendants have deprived Plaintiff of his civil liberties and thereby discriminated against him.

### Count 3
### Tex. Hum. Res. Code – Discrimination

31.     Tex. Hum. Res. Code § 121.003(a) provides that persons who are physically disabled have the same right as the able-bodied to the full use and enjoyment of any public facility in the state.

32.     TEX GOV CODE §469.003 (Vernon 2003) defines one set of public facilities covered by the law, specifically, "a privately funded building or facility defined as a "public accommodation" by Section 301(7) of the Americans with Disabilities Act of 1990 (42 U.S.C. Section 12181), and its subsequent amendments, that is constructed or <u>renovated, modified, or altered</u> on or after January 1, 1992" (emphasis added). The Hospital is covered under this definition as previously set out in this Complaint.

33.     The State of Texas, Texas Accessibility Standards (the "TAS") of the Architectural Barriers Act, Article 9102, Texas Civil Statutes, are similar to and closely track the ADAAG. The TAS clearly sets out certain requirements for public accommodations such as the Hospital with regards to design requirements.

34.     Complying with the TAS is a requirement of Chapter 469 of the Government Code. Violation of TAS is therefore a violation of Chapter 469. A violation of Chapter 469 is a violation of §121.003(d)(1) of the Tex. Hum. Res. Code. because §121.003 (d)(1) specifically states that a failure to comply with Article 9102, Texas Civil Statutes

is a form of discrimination in Texas. Therefore violation of the TAS requirements is a violation of §121.003 of the Tex. Hum. Res. Code. Article 9102 was simply codified into Chapter 469 of the Government Code in 2003.

35. The architectural barriers previously set out in the "Facts" portion of this Complaint, regarding the parking and path of travel are violations of the TAS requirements as well as the ADAAG. Further, the Texas law requires a review of the plans to construct when the construction is in excess of $50,000.00. That review must be submitted prior to construction. Further, the law requires that the facility be inspected for compliance with TAS within one year of construction completion. Plaintiff was unable to locate any records at TDLR to indicate any compliance with these requirements.

36. Any public facility that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and *there is a conclusive presumption of damages in the amount of no less than $100*. Tex. Hum. Res. Code § 121.004(b). (italics added.)

37. As a direct and proximate result of the Defendants' violation of Texas law and it's denial of appropriate and dignified access into and use of the Hospital, the Defendants deprived Mr. Frame his civil liberties. Mr. Frame suffered inconvenience and the indignity and stigma of discrimination as a result.

### REQUEST FOR RELIEF

Wherefore Plaintiff respectfully requests that the Court grant the following relief:

38. An order directing the Defendants to bring the Property into compliance with the new construction standards of the ADAAG and TAS.

39. An order directing the Defendants to stop discriminating against Mr. Frame now

and in the future and for the $100.00 mandatory monetary damages under State law.

40.     An award to Plaintiff for his attorney's fees, including litigation expenses, and costs.

41.     An award to Plaintiff of such other and further legal and equitable relief as the Court deems just and proper.


Respectfully submitted August 13, 2009 by,


*[signature]*

**Mr. Palmer D. Bailey**
Bar Card No. 01533400
Law Office of Palmer Bailey, *A Professional Corporation*
16633 Dallas Parkway, Ste. 600
Addison, TX 75001
Tel.  972.588.1863
Fax. 972.588.1801
Inlight226@aol.com

**Attorney for Plaintiff**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard K. Frame

**ORIGINAL**
**OS-09CV1516-M**

**DEFENDANTS**
3:09cv1516-M

Vibra Specialty Hospital of Dallas, LLC, MPT of Dallas LTACH, L.P. and MPT of Dallas LTACH GP LLC

(b) County of Residence of First Listed Plaintiff: Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**RECEIVED AUG 17 2009**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Palmer Bailey, p.c.
Attn: Palmer Bailey
16633 DALLAS PKWY STE. 600
Addison, TX 75001
972.588.1863

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | X 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for discrimination under the ADA for accommodations 42 U.S.C. 12101 et.seq

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes x No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8/13/09
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____